CAMPBELL, Judge.
Appellant, Paradyne Corporation, seeks review of a declaratory judgment and a mandatory injunction requiring appellant to participate with appellees Irwin H. Miller, Sonya Miller, Phillip Benjamin and Marilyn Benjamin, in the construction of a 250-foot joint-use drive.
Appellant raises five points on appeal. Three are discussed here. First, did the circuit court have jurisdiction to decide a controversy which, according to Florida Statute, section 335.18 (1981), has been delegated to a state agency, the Department of Transportation (DOT)? Second, did the trial court err by finding that DOT’s permit was intended to benefit the properties of appellant and appellees? Third, did the circuit court’s mandatory injunction constitute a taking of appellant’s property without due process of law?
Appellant and appellees own adjoining pieces of property on the south side of State Road 688. Appellant and the parties who previously held an option to purchase appellees’ interest in the property applied to DOT for a permit to obtain a light-controlled intersection on State Road 688. DOT issued a permit positioning the traffic light on State Road 688 between the properties owned by appellant and appellees. In the preliminary discussions, a joint-use drive on both pieces of property extending 250 feet back from the intersection was proposed as a means for connecting the properties with the light-controlled intersection. The permit issued by DOT did not include the proposed 250-foot access road on the parties’ property. Appellant built a road diagonally across appellant’s property to the light-controlled intersection. The road was not designed in such a way that appellees could use it to reach the light-controlled intersection. Appellees maintain that they have a right of access to the light-controlled intersection through a 250-foot connector road as described in the preliminary discussions. Appellant refused to allow appellees access to the connector road on appellant’s property. Appellees requested that DOT issue a cease and desist order so as to require appellant to allow appellees to use the connecting road. DOT denied this request, stating that it was beyond DOT’s jurisdiction to order a 250-foot access road over the parties’ private property. Alternatively, appellees requested a separate connection to the light-eon-trolled intersection. DOT denied this request for safety reasons. There was also evidence that a separate traffic signal to serve appellees’ property would not be permitted due to traffic congestion problems.
Appellees filed a declaratory judgment action and requested a mandatory injunc *434 tion. The trial court entered a mandatory injunction and ordered appellant to participate with appellees in the installation of a 250-foot connector road in accordance with the driveway permit and the DOT drawing. The injunction was conditioned on appel-lees’ participation and certain costs of the joint-use drive.
We find that the circuit court had jurisdiction pursuant to section 120.69, Florida Statutes (1981). That section provides for enforcement of agency action by the circuit court. Although the complaint in this case was not filed under section 120.69, Florida Statutes, and it does not strictly comply with the requirements of section 120.69, the allegations are sufficient to allow us to treat it as an action under section 120.69. That section provides that a petition for enforcement may request declaratory relief or temporary or permanent equitable relief. We find there was substantial evidence through the preliminary discussions with DOT, and the testimony of DOT officials at trial, to support the trial court’s finding that DOT intended that the owners of both parcels should have access to the light-controlled intersection.
We find, however, that the circuit court violated due process of law because it did not have authority to order appellant to participate with appellees in the construction of the 250-foot connector road. The permit, as issued, did not require a 250-foot connector road. The circuit court is only authorized to enforce the DOT permit under section 120.69. The authority to regulate connectors to state roads has been delegated to DOT pursuant to section 335.-18, Florida Statutes (1981). Therefore, we reverse and remand to the circuit court to enforce the DOT permit pursuant to section 120.69, so both parcels will have access to the light-controlled intersection. Upon remand, DOT may intervene as a matter of right pursuant to section 120.69(l)(d), or be joined as an indispensable party based on its duties under section 335.18. It is possible that DOT will find that the intersection, as designed, does not meet the standards in section 335.18, Florida Statutes (1981). In this event, DOT should be allowed to redesign the connector road to meet the standards of section 335.18, and to have minimal impact on the property rights of appellant and appellees. In the event it becomes impossible to provide the parties access to the intersection as contemplated by DOT’s permit, DOT has authority under section 335.18(4) to deny access and revoke the permit.
Affirmed in part and reversed in part and remanded with instructions.
SCHEB, A.C.J., and DANAHY, J., concur.